**Muhammet Ali ISKENDER, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75865.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed Aug. 12, 2008.

Law Office c/o Farshad Owji, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Sandra Wien Simon, Esq., Marleigh Dover, Esq., U.S. Department of Justice Civil Division/Appellate Staff, Washington, D.C., for Respondent.

Before: PREGERSON, LEAVY and TASHIMA, Circuit Judges.

MEMORANDUM **

Muhammet Ali Iskender, a native and citizen of Turkey, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have juris-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

diction under 8 U.S.C. § 1252. We review findings of fact, including eligibility and entitlement determinations, for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Even taking Iskender's testimony as true, substantial evidence supports the IJ's determination that Iskender is ineligible for asylum. Substantial evidence supports the IJ's conclusion that the Turkish government was not unwilling or unable to control Iskender's alleged persecutors. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir.2005). Substantial evidence also supports the IJ's relocation finding, because Iskender's own statements regarding his relocation to Istanbul for three years without any incidents related to his "blood feud" with another family establish that he could reasonably relocate within Turkey. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998–99 (9th Cir.2003).

Because Iskender is ineligible for asylum, he necessarily fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence supports the IJ's denial of CAT relief. Iskender has failed to demonstrate that it is more likely than not that he will be tortured if removed to Turkey. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.